IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDWARD GREEN HARRISON                                         PLAINTIFF

VS.                                                  CIVIL ACTION NO. 3:20-cv-374-DPJ-FKB

WARDEN CHERON NASH, et al.                                   DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a *Bivens*[1] action brought by a federal prisoner who during the relevant time period was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo).[2] Edward Green Harrison alleges that he was the victim of excessive force by a correctional officer at FCC-Yazoo. Before the Court is the motion to dismiss or, alternatively, for summary judgment [23 and 25] filed by Defendants Warden Cheron Nash, Officer Ernest Sellers, and Officer Larry Shackelford.[3] Plaintiff has not responded to motion. The undersigned recommends that the motion be granted and this action dismissed with prejudice.

Plaintiff alleges that on May 24, 2018, Defendant Sellers assaulted him while he was handcuffed and being escorted by four other officers. While the complaint contains no further details about the assault, documents filed by both Plaintiff and Movants indicate that Plaintiff alleged that he was taken down and his head beaten on the ground four or five times. [1] at 10, [23-3] at 4. Plaintiff brings claims against Warden

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).

[2] Plaintiff is no longer incarcerated.

[3] The remaining defendants, Officer Calvin Lampkin and Officer Wallace, have not responded to the complaint.

Nash for failure to train and supervise the officers under him and for failing to properly investigate the incident. Finally, he seeks to hold the remaining defendants liable for failing to accurately report the incident.

Defendant Nash argues that Plaintiff has failed to allege a constitutional violation by him. The undersigned agrees.[4] Plaintiff contends that Nash should be held liable for failure to train the officer or officers involved in the use of force. There is no vicarious liability of supervisors for constitutional violations by their subordinates. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006). Rather, in order to hold a person in a supervisory position personally liable, a plaintiff must prove that the supervisor either directly participated in the denial of the plaintiff's constitutional rights or implemented an unconstitutional policy that resulted in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (citing *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)). While the direct-participation requirement may be met by a supervisor's failure to train or supervise subordinates, this is so only if the failure to train or supervise amounts to deliberate indifference and there is a causal link between that failure and the constitutional violation. *Id.* at 446 (citing *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). Plaintiff has not alleged any facts establishing the

---

[4] The analysis of Plaintiff's claims against all defendants other than Sellers follows the "assume-then-dispose" approach approved by the Supreme Court in *Hernandez v. Mesa*, 137 S.Ct. 2003, 2007 (2017). Under this approach, where the claim fails to raise a constitutional issue, the question of the availability of a *Bivens* remedy is not addressed. *See Petzold v. Rostallan*, 946 F.3d 242, 248 n. 21 (5th Cir. 2019).

2

necessary causal link.  Accordingly, the claim against Nash for failure to train fails as a matter of law.

Plaintiff further alleges that Nash failed to conduct a proper investigation into the use of force against him.  There is no constitutional right to an investigation of a grievance about prison life.  *Taylor v. Cockrell*, 92 Fed. App'x 77, 78 (5th Cir. 2004).  Similarly, Plaintiff's contentions that Shackelford, Lampkin, and Wallace failed to report properly the use-of-force incident fail to raise a constitutional issue.

Plaintiff's excessive force allegations concerning Sellers implicate the Eighth Amendment.  However, the claim nevertheless fails because it cannot be brought under *Bivens*.  In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers in their individual capacities for violations of constitutional rights.  *Bivens* involved a Fourth Amendment claim for unreasonable search and seizure.  *See Bivens*, 403 U.S. at 397.  Subsequently, the Supreme Court recognized two other implied causes of action under the *Bivens* doctrine:  A Fifth Amendment equal protection claim for employment discrimination by a federal official, *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim by a federal prisoner for inadequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980).

More recently, however, the Supreme Court has expressed doubt about its authority to imply causes of action where Congress has not expressly legislated them, describing the expansion of the *Bivens* remedy as "a 'disfavored' judicial activity."  *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1856 (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 675 (2009)).  In

3

*Abbasi*, the Supreme Court set out a two-part analysis for determining whether a claim should be implied under *Bivens*. First, the court determines whether the case under consideration involves a "new context," that is, whether it is "different in a meaningful way" from the three previous *Bivens* actions approved by the Supreme Court. *Id.* at 1859. If not, then the case may proceed under *Bivens*. If, however, the answer is in the affirmative, the court must go on to determine whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18).

This court has previously determined that the *Bivens* remedy does not extend to allegations of excessive force under the Eighth Amendment. *See Freeman v. Provost*, No. 3:19-cv-421-KHJ-FKB, 2021 WL 710376, at *3 (S.D. Miss. Jan. 27, 2021), *report and recommendation adopted*, Order (Mar. 3, 2021); *Brown v. Nash*, No. 3:18-cv-528-DPJ-JCG, 2019 WL 7562785, at *6 (S.D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020). Other courts have found that federal prisoners' Eighth Amendment claims of excessive force present "a new context" differing in "a meaningful way" from *Bivens* or its extensions. *See Abdo v. Balsick*, No. 18-cv-1622-KMT, 2019 WL 6726230, at *6-7 (D. Colo. Dec. 11, 2019); *Taylor v. Lockett*, No. 5:17-cv-23-Oc-02PRL, 2019 WL 764023, at *7 (M.D. Fla. Feb. 21, 2019); *Hunt v. Matevousian*, 336 F.Supp. 3d 1159, 1170 (E.D. Cal. 2018).

Remaining is the "special factors" analysis. *Abbasi* provides that "a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the

4

absence of affirmative action by Congress.'" *Abbasi*, 137 S.Ct. at 1857 (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)).  At the center of the analysis is the principle of separation of powers.  *Id.*  The Fifth Circuit has described this "counseling hesitation" standard as "remarkably low."  *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020).  If any special factor exists, no implied cause of action may be created.  *Id.*  One special factor identified in *Abbasi* is the presence of an alternative remedial structure.  *See Abbasi*, 137 S.Ct. at 1858.  Courts often cite a prison grievance system as such a structure.  *See, e.g., Widi v. Hudson*, No. 9:16-cv-1042 (FJS/DJS), 2019 WL 3491250, at *4 (N.D.N.Y. Aug. 1, 2019); *Taylor*, 2019 WL 764023, at *7 (collecting cases). That factor is present here in the form of the Bureau of Prison's administrative remedy process. Another special factor identified in *Abbasi* and present in this case is legislative action suggesting that Congress has considered and rejected a damages remedy.  In *Abbasi*, the Court observed that the Prison Litigation Reform Act (PLRA), which made widespread reforms to the process by which prisoners may bring lawsuits in federal court, does not provide for a damages remedy against federal jailers.  *Abbasi*, 137 S.Ct. at 1865.

    The existence of even one factor that counsels hesitation requires that a court refrain from an expansion of *Bivens*.  *Canada*, 950 F.3d at 309.  Here there are at least two.  Accordingly, the undersigned concludes that Plaintiff's Eighth Amendment claim for excessive force claim may not be brought pursuant to *Bivens*.

5

For these reasons, the undersigned recommends that the motion to dismiss be granted. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 26th day of April, 2021.

s/ F. Keith Ball  
United States Magistrate Judge
