UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDWARD GREEN HARRISON                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:20-CV-374-DPJ-FKB

WARDEN CHERON NASH, ET AL.                                                         DEFENDANTS

ORDER

Plaintiff Edward Green Harrison says he was physically assaulted while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo).  Compl. [1] at 4–5.  Based on this alleged assault, he brought an action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Warden Cheron Nash and correctional officers Wallace, Ernest Sellers, Calvin Lampkin, and Larry Shackelford.  Compl. [1] at 1.  Harrison seeks $2.3 million in damages.  *Id.* at 6.  The Court finds that his case should be dismissed.[1]

According to Harrison, Sellers assaulted him and thereby violated his Eighth Amendment right to be free from excessive force.  *Id.* at 5–6.  He also says Lampkin, Shackelford, and Wallace failed to properly report the assault and Nash failed to train the officers and investigate the incident.  *Id.* at 3–4.  Lampkin and Wallace have never made an appearance in this case, but Nash, Sellers, and Shackelford moved to dismiss Harrison's claims, or alternatively, for summary judgment.  Defs.' Mot. [23, 25].  That motion—which Defendants docketed twice—was referred to United State Magistrate Judge F. Keith Ball, who issued a Report and Recommendation [28].  Judge Ball concluded that their motion should be granted and Harrison's

---

[1] Harrison identifies Defendant Sellers in the Complaint as "Seller," but the Court will use the spelling in that Defendant's motion.

claims dismissed.  Harrison had until May 10, 2021, to object to Judge Ball's recommendation but did not.

The Court finds that the Report and Recommendation should be adopted as the Court's opinion for essentially the same reasons Judge Ball stated and because Harrison offered no objections.  Defendants' Motion to Dismiss or For Summary Judgment [23, 25] is therefore granted, and Harrison's claims against those Defendants are dismissed with prejudice.

That leaves the claims against Officers Lampkin and Wallace.  Although those Defendants neither answered the Complaint nor joined in the motion, the Court may nevertheless test the validity of Harrison's claims against them because he was granted leave to pursue this case *in forma pauperis*.

When a plaintiff is granted *in forma pauperis* status, it triggers 28 U.S.C. § 1915(e)(2), which states:  "[T]he court shall dismiss the case at any time if the court determines that" it "(i) is frivolous" or "(2) fails to state a claim on which relief may be granted."  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "[I]n an action proceeding under [§ 1915, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*

Here, Harrison's claims against Officers Lampkin and Wallace are the same as his claims against Officer Shackelford, which Judge Ball recommended for dismissal. Harrison offered no objections to that analysis, and it applies equally to Lampkin and Wallace. The Court therefore finds that the claims against those additional Defendants should be dismissed, though dismissal will be without prejudice.

For these reasons, the Court adopts the Report and Recommendation [28] and grants the Motion to Dismiss or for Summary Judgment [23, 25] filed by Defendants Nash, Sellers, and Shackleford. The Court likewise dismisses Harrison's claims against Defendants Lampkin and Wallace under § 1915(e)(2). A separate judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 19th day of May, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE